UNITED STATES of America,
Plaintiff–Appellee,

v.

William J. JOHNSON, Defendant–
Appellant.

No. 91–3277.

United States Court of Appeals,
Tenth Circuit.

Aug. 25, 1992.

O.W. Bobo, III, Topeka, Kan., for defendant-appellant.

Thomas G. Luedke, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., with him, on the brief), Topeka, Kan., for plaintiff-appellee.

Before HOLLOWAY and LOGAN, Circuit Judges, and CONWAY, District Judge.*

LOGAN, Circuit Judge.

Defendant William J. Johnson appeals his sentence following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On appeal defendant alleges the following:

(1) the government violated its plea agreement with defendant by alerting the probation officer preparing the presentence report to the sentence enhancement for three prior violent felonies as provided in 18 U.S.C. § 924(e)(1), filing an information noting the applicability of § 924(e)(1), and producing exhibits verifying the convictions; (2) the district court could not impose a sentence above the maximum sentence contained in the plea petition; (3) the government violated defendant's constitutional rights by not informing him of the enhancement before he agreed to the plea; and (4) the evidence was insufficient to support the three prior violent felonies required for enhancement under § 924(e)(1).

I

Initially defendant was charged not only with violation of § 922(g) but also of 18 U.S.C. § 922(a)(6), for making a false statement in acquisition of a firearm. Defendant agreed to plead guilty to the § 922(g) count for the government's agreement to drop the § 922(a)(6) count and not to recommend a departure from the sentencing guidelines range. The plea agreement provided:

> In return for [defendant's] plea of guilty to Count I of the Indictment, Count II will be dismissed with prejudice, and the government agrees not to recommend a departure from the normal range in the Sentencing Guidelines issued by the United States Sentencing Commission under the Sentencing Reform Act.

I R. tab 13 at 4.

At the time of the negotiations and the court's acceptance of the guilty plea apparently both defense counsel and the government were unaware that § 924(e)(1) was applicable to defendant. The plea petition represented that the maximum sentence applicable to defendant would be ten years, but made clear that "a U.S. Probation Officer will be assigned to conduct a thorough presentence investigation to develop all relevant facts concerning [defendant's] case" and "[i]n determining the sentence to im-

* The Honorable John E. Conway, United States District Judge, United States District Court for the District of New Mexico, sitting by designation.

pose, [defendant] understand[s] that the Court may take into account all relevant criminal conduct and background characteristics unless otherwise prohibited by law." I R. tab 13 at 4. The petition also stated that defendant's sentence was "solely a matter within the control of the Judge." *Id.* Before accepting the plea, the district court specifically warned defendant that depending upon the nature of his crime and criminal conduct his sentence might be enhanced significantly. *See* III R. at 18 (specifically referencing what appears to be 18 U.S.C. § 924(c)(1)). The court ordered a presentence investigation "to develop all relevant facts concerning [defendant's] criminal conduct," III R. at 17, 21, to enable proper sentencing.

After reviewing the presentence report, the government recognized that the three prior violent felonies set out in the report triggered § 924(e)(1)'s penalty enhancement and brought the statute to the probation officer's attention. The government filed an information that notified defendant that the enhancement applied and requested that the court inform defendant of the higher maximum sentence and allow him to withdraw his guilty plea. The district court did so inform defendant, setting a trial date for a month later to give defendant time to consider his options. Defendant chose to stand by his guilty plea and to argue that the enhancement violated the plea agreement and should not apply. The district court found that the government did not violate the plea agreement, but ruled that even if it did, allowing withdrawal of the guilty plea was the proper remedy because the court could not ignore the mandatory enhancement without imposing a sentence in violation of law. It sentenced defendant to the statutory minimum fifteen year sentence, which he has now appealed. We have jurisdiction under 18 U.S.C. § 3742(a).

Questions of law regarding interpretation of § 924(e) are subject to de novo review. *United States v. Tisdale,* 921 F.2d 1095, 1098 (10th Cir.1990), *cert. denied,* — U.S. ——, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991). Whether the government violated a plea agreement is also a question of law

subject to de novo review. *United States v. Jimenez,* 928 F.2d 356, 363 (10th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 164, 116 L.Ed.2d 129 (1991). "We review a sentencing court's factual determinations under a clearly erroneous standard." *United States v. Easterling,* 921 F.2d 1073, 1077 (10th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991).

## II

### A

■ First we hold that the government did not violate its plea agreement with defendant. The agreement as stated in the written form and as explained by counsel before the district court is unambiguous: in exchange for defendant's guilty plea on count one, the government agreed to dismiss count two and not to recommend departure from the normal sentencing guidelines range. The government dismissed count two and did not recommend a departure from the guideline range. Defendant's sentence is not a departure from the guideline range.

■ Significantly, § 924(e)(1) is a penalty enhancement, not a separate substantive crime. *E.g., United States v. Gregg,* 803 F.2d 568, 570 (10th Cir.1986) (interpreting 18 U.S.C. § 1202(a), subsequently reenacted as § 924(e)), *cert. denied,* 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987); *United States v. Ruo,* 943 F.2d 1274, 1275 (11th Cir.1991); *United States v. Fields,* 923 F.2d 358, 360 n. 4 (5th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). Section 924 is entitled "Penalties" and § 924(e) specifically defines mandatory punishment for certain defendants who violate § 922(g). Determining whether the requirements of § 924(e)(1) are met is part of the process of calculating the normal sentencing guidelines range just like calculating a criminal history category or offense level. Statutory sentence enhancements are not "departures" under the guidelines. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum

sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); *see also id.* § 5G1.1, comment. (if statutory minimum sentence is the guideline sentence, any sentence above that is a departure); *id.* Ch. 5, Pt. K (discussing departures). Once the presentence report and evidence before the sentencing judge showed that the § 924(e)(1) requirements were met, the statutory minimum was the guideline sentence to be imposed.

### B

■ Defendant alleges that even if the government technically did not violate the language of the agreement, it violated what defendant reasonably believed was the agreement. "[T]he plea agreement should be construed according to what [defendant] reasonably understood when he entered his plea." *Jimenez,* 928 F.2d at 363. "Reasonably understood" is the key. The district court found, and the parties agree, that neither defendant nor the government realized that the enhancement would apply when the agreement was reached and the plea accepted. The government did not specifically bargain away the enhancement or agree not to inform the district court of its applicability. Defendant may have had an expectation of what guideline range would apply based on his understanding of the guidelines and applicable law, but the plea agreement did not include any commitment on what the guideline range would be; nor does the record indicate that the government made any assurances concerning the applicable guideline range. Any expectation that the government had bargained away the enhancement was unreasonable.

■ The government was authorized to notify the sentencing judge and the probation officer of errors in the presentence report. *See Jimenez,* 928 F.2d at 363

(government may inform probation officer and sentencing court of relevant factual information despite alleged conflict with plea agreement). "[A]n agreement to keep the judge ignorant of pertinent information cannot be enforceable, because a sentencing court 'must be permitted to consider any and all information that might reasonably bear on the proper sentence for the particular defendant, given the crime committed.'" *Id.* at 363 (quoting *United States v. Williamsburg Check Cashing Corp.,* 905 F.2d 25, 28 (2d Cir.1990)).

### III

■ Once the sentencing court was aware that the requirements of § 924(e)(1) were satisfied, the enhancement was mandatory. The statute does not require government action to trigger its application nor does it vest discretion in the sentencing court not to apply its mandate. Section 924(e)(1) states that a defendant meeting the requirements of the subsection "*shall* be ... imprisoned not less than fifteen years." (emphasis added).[1] *See Black's Law Dictionary* 1375 (6th ed. 1990) (shall, as used in statutes, is given a compulsory meaning). The sentencing court may invoke the enhancement sua sponte without a request by the government. *United States v. Towne,* 680 F.Supp. 687, 689–90 (D.Vt. 1988), *aff'd in part, reversed in part on other grounds,* 870 F.2d 880 (2d Cir.), *cert. denied,* 490 U.S. 1101, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989).

*United States v. Jackson,* 921 F.2d 985 (10th Cir.1990) (en banc), relied upon by defendant, is not controlling authority to the contrary. In *Jackson* the government, in the plea agreement, specifically agreed not to seek enhancement under § 924(e)(1). This court did not there consider whether the district court could properly decline to impose the penalties in § 924(e)(1); the only

---

1. Section 924(e)(1) states:
   In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000

and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

issue before the court was whether the district court's degree of upward departure from the sentencing guidelines range was reasonable.

■ The district court acted properly in allowing defendant to withdraw his guilty plea because the plea petition inaccurately indicated a ten year maximum sentence and initially was made under a false assumption. *See United States v. McCann,* 940 F.2d 1352, 1358 (10th Cir.1991). In *United States v. Colunga,* 786 F.2d 655 (5th Cir. 1986), the court discussed a similar situation and stated:

> Misinformation regarding the maximum sentence which causes a defendant to believe that the penalty is less than the actual possible sentence serves as a basis for withdrawal of a guilty plea. Thus, [defendant] should be given the opportunity to plead anew with correct information regarding the maximum possible punishment.
>
> Should [defendant] persist in his original desire to plead guilty, we see no legal barrier to sentencing [him] to a more severe sentence.

*Id.* at 658.

■ Defendant's affirmation of the guilty plea following the court's disclosure that the enhancement and the statutory minimum of fifteen years would apply was voluntary. The district court, even after accepting the guilty plea but before sentencing, appropriately could correct an error of law in the plea petition; it was not required to adhere to an incorrect statutory maximum sentence. *See United States v. Richardson,* 901 F.2d 867, 869 (10th Cir. 1990) (in response to information in presentence report, court could find higher offense level not withstanding government's stipulation in plea agreement for lower offense level). We conclude that defendant did not suffer any prejudice by the erroneous reference to a ten year sentence in the plea agreement because he was given the option of withdrawing his guilty plea.

## IV

■ We also reject defendant's argument that the government's failure to notify him of its intention to pursue the enhancement before the plea agreement violated defendant's due process and equal protection rights. There is no evidence that the government intentionally misled defendant, as it apparently did not know that the enhancement would apply until the presentence report reflected the required three prior violent felonies. Defendant, on the other hand, certainly knew about the three prior violent felony convictions and reasonably might be held to expect they would affect his sentence. The enhancement is not a new or additional charge brought by the government following the plea bargain, *see, e.g., Ruo,* 943 F.2d at 1275, nor is it a stiffer sentence imposed in response to exercise of defendant's rights. Further, defendant was fully informed of the application of the enhancement before he was sentenced and given the opportunity to withdraw his guilty plea.

## V

■ Finally, we consider whether there was sufficient evidence to establish the three prior felonies under § 924(e). The district court must find the three prior felony convictions were established by a preponderance of the evidence. *See, e.g., United States v. Wilkinson,* 926 F.2d 22, 28 (1st Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2813, 115 L.Ed.2d 985 (1991); *see also Easterling,* 921 F.2d at 1077 (factual determinations at sentencing under preponderance of the evidence standard). The government submitted certified copies of journal entries indicating (1) revocation of probation based on a 1973 attempted aggravated assault conviction; (2) a 1980 assault conviction; and (3) a 1982 aggravated battery conviction. Defendant challenges proof of only the 1973 conviction, on the basis that the probation officer and the government were able to locate only collateral sources referencing the conviction; they were unable to locate a journal entry of conviction for the 1973 conviction because of an apparently incomplete file. Defendant offered no proof that contradicted the government's evidence. We hold that the journal entry revoking defendant's pro-

bation based upon the 1973 conviction is sufficient to establish that such a conviction existed. Defendant then had the burden of proving by a preponderance of the evidence that the conviction was constitutionally invalid, *see United States v. Day,* 949 F.2d 973, 982 (8th Cir.1991); *Ruo,* 943 F.2d at 1276; he failed to carry that burden.

Although the penalty in this case may seem harsh, the federal courts must enforce the mandates enacted by Congress.

AFFIRMED.