992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William J. JOHNSON, Defendant-Appellant.
 No. 92-3431.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Johnson, a federal inmate, appeals the denial of his motion to vacate, set aside or correct his sentence which he filed pursuant to 28 U.S.C. § 2255.
 
 
 3
 This is not the first time this case has reached this court. Mr. Johnson originally entered a guilty plea in the United States District Court to the crime of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Mr. Johnson's sentence was enhanced pursuant to 18 U.S.C. § 924(e)(1) because he had three previous convictions for violent felonies. Mr. Johnson appealed his sentence on various grounds including insufficient evidence to prove one of the prior violent felonies, a 1973 attempted aggravated assault. The government proved this felony with a journal entry revoking probation for Mr. Johnson's 1973 conviction. We held this was sufficient to prove the 1973 conviction. United States v. Johnson, 973 F.2d 857, 861-62 (10th Cir.1992).
 
 
 4
 Less than sixty days following the decision of this court, Mr. Johnson filed a motion pursuant to 28 U.S.C. § 2255. In this motion, Mr. Johnson challenged the application of 18 U.S.C. § 924(e)(1) contending he had found the balance of the state court records concerning the 1973 conviction and they showed the conviction was void for lack of jurisdiction because the information failed to allege each essential element of the offense,[1] and the conviction was not a "violent felony" under 18 U.S.C. § 924 as the crime was only an attempted aggravated assault.
 
 
 5
 The district court, in a written Memorandum and Order, denied relief on two separate grounds. First, the court denied relief on the merits holding the state court information was not defective and the state crime was a "violent felony." The attempted aggravated assault conviction was deemed a violent felony because it had as a statutory element the use, attempted use or threatened use of physical force against another, and also because it involved conduct presenting a serious potential risk of physical injury to another as the factual basis for Mr. Johnson's 1973 state court guilty plea showed he approached a vehicle, pointed a rifle at the driver's head, fired two shots into the car and then fired several more shots. Second, the district court also ruled Mr. Johnson was precluded from now raising the issues as Mr. Johnson failed to show cause as to why these issues were not raised on direct appeal.
 
 
 6
 Mr. Johnson, conceding he must show both cause and prejudice, argues cause does exist to excuse his failure to raise this issue in his first appeal. The facts relied upon by Mr. Johnson are that he could not find the 1973 state court records until recently, and at sentencing the government produced only the journal entry and had an obligation to produce the remaining 1973 state court records. Defense counsel fails, however, to disclose why, with reasonable effort, the missing records could not have been found earlier.
 
 
 7
 The law we must apply is clear and uncontroverted. A § 2255 motion is not available as a collateral attack concerning matters that should have been raised on direct appeal. United States v. Khan, 835 F.2d 749, 753-54 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). In order to circumvent this rule of law a petitioner must show both cause and prejudice. United States v. Frady, 456 U.S. 152, 167-68 (1982). To establish "cause" it is necessary to show reasons external to the defense. See Coleman v. Thompson, 111 S.Ct. 2546, 2566-67 (1991).
 
 
 8
 The state court records were in the custody of the county clerk. Once the government obtained the journal entry, it had obtained sufficient evidence to prove Mr. Johnson's 1973 conviction for sentence enhancement purposes. Mr. Johnson then had the burden of proving the conviction was constitutionally invalid. Johnson, 973 F.2d at 861-62. The balance of the state court records were apparently contained on microfilm and there exists no evidence the government possessed these records until November 1992, which was subsequent to the filing of this motion. Defendant has offered no reason why he could not locate the state court records earlier other than his reliance upon the government to produce. Mr. Johnson's access to the document was equal to that of the government's. Therefore, we hold Mr. Johnson failed to show "cause" based upon the facts contained in the record on appeal.
 
 
 9
 This holding makes it unnecessary for this court to address the remaining issues raised by Mr. Johnson; however, we note that we can detect no error in the district court's rulings upon the merits.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Specifically, Mr. Johnson argued that the original state court information failed to allege the victims were placed in immediate apprehension of bodily harm by Mr. Johnson's conduct