30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Charles MARTIN, Defendant-Appellant.
 No. 93-8134.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 In this direct criminal appeal, Defendant-Appellant Steven Charles Martin ("Martin") contends that the district court committed two sentencing calculation errors after Martin pled guilty to being a felon in possession of firearms, in violation of 18 U.S.C. 922(g)(1). Specifically, Martin alleges that the court erred in failing to reduce the base offense level pursuant to United States Sentencing Guideline ("U.S.S.G.") 2K2.2(b)(1), which provides for a decreased offense level if the defendant possessed the firearm solely for lawful sporting purposes. In addition, Martin challenges the court's use of three prior misdemeanor convictions to enhance his criminal history level.
 
 A. U.S.S.G. 2K2.1(b)(1)
 
 3
 We first consider the district court's refusal to decrease Martin's base offense level under U.S.S.G. 2K2.1(b)(1) because the firearms in Martin's possession were not used solely for sporting purposes.[2]
 
 
 4
 "We review the district court's findings of fact which support its application of the Guidelines under the clearly erroneous standard." United States v. Reid, 911 F.2d 1456, 1461 (10th Cir.1990), cert. denied, 498 U.S. 1097 (1991). Martin bore the burden of proving by a preponderance of the evidence that he was entitled to a reduction under U.S.S.G. 2K2.1(b)(1). United States v. Kirk, 894 F.2d 1162, 1164 (10th Cir.1990).
 
 
 5
 We base our review of the court's findings solely on the record on appeal, and we will not consider new information in the government's appendix to its appellate brief.[3] The government seized a Sturm Ruger .223 caliber rifle and a Norinko SKS Sporter Model 7.62 X 39 mm. rifle from Martin's home. In addition to testifying that he only used these firearms for target shooting, Martin presented four affidavits from friends and relatives who described his strong interest in recreational shooting.[4]
 
 
 6
 The Application Note accompanying U.S.S.G. 2K2.1(b)(1) provides guidance on the factors to consider in determining whether Martin met his burden of proving that the firearms were used solely for lawful sporting purposes:
 
 
 7
 Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g. prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.
 
 
 8
 We agree with Martin that a court should consider the totality of circumstances. Here, it is undisputed that Martin's two firearms were semi-automatic weapons. Although the record does not reveal that the police found ammunition during their search of Martin's home, the police found the firearms on or near a coat rack and behind a large coat. In addition, Martin acknowledges that a prior misdemeanor assault conviction involved the firing of a BB gun. That the BB gun used in that assault was not one of the weapons seized from Martin's home does not undermine the significance of this factor in the calculus. Inasmuch as all this information was properly before the district court, we cannot accept Martin's conjecture that the court focused solely on one factor--the types of firearms at issue.
 
 
 9
 Given this information in the record, we find no clear error in the court's refusal to reduce Martin's base offense level pursuant to U.S.S.G. 2K2.1(b)(1). Accordingly, we affirm.
 
 
 10
 B. The Prior Uncounseled Misdemeanor Convictions
 
 
 11
 Martin next appeals the court's consideration of three prior uncounseled misdemeanor convictions in computing Martin's criminal history level. Because Martin failed to object to the court's criminal history calculation at sentencing, we review only for plain error. United States v. Herndon, 982 F.2d 1411, 1419 (10th Cir.1992).
 
 
 12
 Just this term, the Supreme Court held that a sentencing court may consider a defendant's prior uncounseled misdemeanor convictions in sentencing him for a subsequent offense, so long as the prior convictions did not result in a sentence of imprisonment. Nichols v. United States, 114 S.Ct. 1921 (1994). Here, Martin acknowledges that nothing in the record indicates whether he was represented by counsel, or whether he waived counsel, in the three prior proceedings that resulted in the three misdemeanor convictions. Nevertheless, he contends that the district court erred by including these prior misdemeanor convictions without determining whether he was represented by counsel. We disagree.
 
 
 13
 Once the government proves the fact of the earlier conviction, the defendant bears the burden of establishing that the earlier conviction was constitutionally infirm. United States v. Unger, 915 F.2d 759, 761 (1st Cir.1990) (citing cases from the Fourth, Seventh, and Eighth Circuits), cert. denied, 498 U.S. 1104 (1991); see also United States v. Wicks, 995 F.2d 964, 977-78 (10th Cir.) (once the government establishes the fact of a prior conviction based on a guilty plea, the defendant has the burden of proving the invalidity of the conviction), cert. denied, 114 S.Ct. 482 (1993); United States v. Johnson, 973 F.2d 857, 862 (10th Cir.1992) ("Defendant ... had the burden of proving by a preponderance of the evidence that the conviction was constitutionally invalid."). Indeed, the Supreme Court has stated that there is a "presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." Parke v. Raley, 113 S.Ct. 517, 523 (1992).
 
 
 14
 Because Martin offers no evidence that the prior convictions were uncounseled or that he did not waive his right to counsel, we find no plain error in the court's criminal history calculations.
 
 
 15
 Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 2 U.S.S.G. 2K2.1(b)(2) provides in pertinent part:
 If the defendant ... possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level ... to level 6. (emphasis added).
 
 
 [3]
 Because Appendices A, C, & D in the government's brief are not a part of the record on appeal, we grant Martin's motion to strike these items. We are dismayed that it was not until Martin filed a motion to strike such information that the government acknowledged that this information was not in the record on appeal. Our review of the district court's rulings is greatly hampered when a party silently attempts to augment the record in its appellate brief. Such conduct cannot be condoned
 
 
 [4]
 Martin also presented an article published in a firearms magazine describing the increased popularity of the Norinko SKS Sporter Model