42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Lee SMITH, Defendant-Appellant.
 No. 94-5071.
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1994.
 
 Before BALDOCK and EBEL, Circuit Judges, and O'CONNOR, District Judge.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant Richard Lee Smith appeals his conviction for felon in possession of a firearm, 18 U.S.C. Sec. 922(g)(1). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 On August 20, 1992, Tulsa Police Officer Mark Sherwood stopped Defendant for driving his car with a brake light out and for failing to use his turn signal. After stopping him, Officer Sherwood discovered that Defendant was not wearing a seat belt and did not have a driver's license or insurance verification. Officer Sherwood arrested Defendant for these violations of Oklahoma law. An inventory search revealed a loaded semi-automatic pistol under the driver's seat of Defendant's vehicle. Further investigation by the police disclosed Defendant previously had been convicted for state felony offenses in California.
 
 
 3
 Defendant was indicted for felon in possession of a firearm, 18 U.S.C. Sec. 922(g)(1). Defendant moved to suppress the semi-automatic pistol on the grounds that the initial stop by Officer Sherwood was invalid. The district court denied Defendant's motion to suppress after a hearing. Prior to trial, the government filed a notice ("Notice") that it would seek sentencing under the enhancement provisions of the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1) ("ACCA"). In support of the enhancement the government listed three prior state convictions as predicate convictions under the ACCA. At trial, the jury convicted Defendant of felon in possession of a firearm, 18 U.S.C. Sec. 922(g)(1). The district court sentenced the Defendant to 210 months imprisonment. This appeal followed.
 
 
 4
 On appeal, Defendant contends the district court erred by: (1) denying Defendant's motion to suppress, and (2) sentencing the Defendant as an armed career offender under the ACCA. We address each of Defendant's claims in turn.
 
 
 5
 Defendant first claims the district court erred in denying his motion to suppress. Specifically, Defendant asserts that the district court should have suppressed the semi-automatic pistol because the initial stop by Officer Sherwood was invalid as Defendant had not committed a traffic violation under Oklahoma law. We disagree.
 
 
 6
 In reviewing the denial of Defendant's motion to suppress, we must uphold the district court's factual findings unless they are clearly erroneous. United States v. Fernandez, 18 F.3d 874, 876 (10th Cir.1994). "However, the ultimate determination of reasonableness under the Fourth Amendment is a question of law which we review de novo." Id. In order to conduct a traffic stop, "the detaining officer must have an objectively reasonable articulable suspicion that a traffic violation has occurred or is occurring." United States v. Soto, 988 F.2d 1548, 1554 (10th Cir.1993). Neither proof of an actual violation or probable cause is required to conduct a traffic stop under the lesser standard of an objectively reasonable articulable suspicion. Id.
 
 
 7
 Here, Officer Sherwood observed Defendant driving his car with one brake light out and failing to use his turn signal, each potential traffic violations under Oklahoma law. See Okla.Stat. tit. 47, Sec. 12-219 (brake light requirement); Okla.Stat. tit. 47, Sec. 11-604 (turn signal requirement). Contrary to Defendant's argument, Officer Sherwood was not required to observe an actual traffic violation in order to justify the stop. Rather, Officer Sherwood need only "have an objectively reasonable articulable suspicion that a traffic violation has occurred or is occurring." Soto, 988 F.2d at 1554. In the instant case, Officer Sherwood's stop and detention of the Defendant was clearly supported by an objectively reasonable articulable suspicion that two traffic violations--a malfunctioning brake light and failing to signal a turn--had occurred. Thus, the district court did not err in denying Defendant's motion to suppress.
 
 
 8
 Defendant next contends the district court erred in sentencing him under the ACCA. Specifically, Defendant argues that the court lacked jurisdiction to sentence him because the government's Notice failed to demonstrate whether two of the listed convictions qualified as serious drug offenses under the ACCA. Here, the Defendant had adequate notice of the prior offenses used to sentence him under the enhancement provisions of the ACCA. Further, the court's jurisdiction to sentence under the ACCA once the predicate offenses were adequately established does not depend on government action. See United States v. Johnson, 973 F.2d 857, 860 (10th Cir.1992) ("The statute does not require government action to trigger its application nor does it vest discretion in the sentencing court not to apply its mandate."). Once the district court becomes aware that a defendant's record satisfies the requirements of Sec. 924(e)(1), the enhancement is mandatory. Id. Here, the district court properly relied on two counts of a three-count conviction for armed robbery, see United States v. Tisdale, 921 F.2d 1095 (10th Cir.1990) (three burglaries committed in one night constituted separate convictions for purposes of enhancement under the ACCA), cert. denied, 112 S.Ct. 596 (1991),[1] and one conviction for possession of marijuana for sale as the predicate convictions for enhancement under the ACCA. Therefore, the district court properly sentenced Defendant under the ACCA.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Earl E. O'Connor, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Defendant also asserts that we should reconsider our opinion in Tisdale because it operated in an unduly harsh manner in the instant case. We reject Defendant's invitation to reconsider Tisdale because "a three-judge panel cannot disregard or overrule circuit precedent." O'Driscoll v. Hercules, Inc., 12 F.3d 176, 178 (10th Cir.1994)