**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANIEL L. CARD,

    Defendant-Appellant.

No. 98-4023
(D.C. No. 97-CR-189-C)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

After a jury trial, Defendant-Appellant Daniel Card was convicted of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) & 5871, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Card was sentenced to 87 months imprisonment, three years supervised release, and a special assessment of $200. Card now appeals his

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence claiming that the district court improperly included a prior uncounseled misdemeanor conviction to calculate his criminal history category for purposes of determining his sentence range under the Sentencing Guidelines. We affirm.[1]

## I. Background

According to testimony adduced at trial, Mr. Card purchased a shotgun from a pawn shop in Orem, Utah in October 1996. On May 5, 1997 acquaintances of Mr. Card led police to a storage shed in which they found the shotgun modified to illegal specifications. Mr. Card's acquaintances testified that they had obtained the shotgun from him. On November 3, 1997, after a one-day jury trial, Mr. Card was convicted of violating 26 U.S.C. §§ 5861(d) & 5871 and 18 U.S.C. § 922(g)(1).

On January 30, 1998, the district court conducted Mr. Card's sentencing hearing. After argument from both sides, the court accepted the presentence report ("PSR") recommendation and assigned Mr. Card a total offense level of 20.[2] Moreover, the court, in accord with the PSR, concluded that Mr. Card had 13

---

[1]We also deny Mr. Card's motion to reconsider denial of his motion for leave to file a supplemental opening brief. Mr. Card seeks permission in this court to supplement his opening brief in order to raise a Singleton issue. However, because Mr. Card failed to assert his claim at trial, it is waived for purposes of his direct criminal appeal. See Tele-Communications, Inc. v. Commissioner of Internal Revenue, 104 F.3d 1229, 1233 (10th Cir. 1997).

[2]The district court adjusted Mr. Card's offense level to 20 from the presentence report recommendation of 22 based on its belief that Mr. Card had

(continued...)

criminal history points based on six prior adult convictions. The 13 criminal history points placed Mr. Card in Criminal History Category VI. The Sentencing Guidelines dictate a range of 70-87 months imprisonment for an offense level 20 with a Criminal History Category VI. The district court sentenced Mr. Card to 87 months in prison as well as three years supervised release and a special assessment of $200.

At sentencing, Mr. Card did not object to his criminal history calculation. He now claims, however, that the trial court erred in calculating his criminal history category by adding one criminal history point for a prior uncounseled misdemeanor conviction for which he was sentenced to jail time. Further, he argues that if the court had not included the point for this conviction, he would have had a total of 12 criminal history points which would have placed him in Criminal History Category V. The sentence range for an offense level 20 with a Criminal History Category V is 63-78 months.

## II. Discussion

A. Standard of Review

Because Mr. Card failed to object at sentencing our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Yarnell, 129 F.3d 1127, 1137

---

[2](...continued)
accepted responsibility for his crime.

(10th Cir. 1997); <u>United States v. Occhipinti</u>, 998 F.2d 791, 801 (10th Cir. 1993). However, basing a sentence on the wrong Guideline range may constitute plain error if the factual predicate for the proper Guideline range was obvious. <u>See</u> <u>Occhipinti</u>, 998 F.2d at 802; <u>United States v. Smith</u>, 919 F.2d 123, 124 (10th Cir. 1990).

B.    Merits

Mr. Card challenges the inclusion of one criminal history point based on a prior Utah state conviction for possession of marijuana. <u>See</u> Presentence Report ¶ 27, at 4-5. According to Mr. Card, in that case: 1) he was unrepresented by counsel; 2) he did not waive his right to counsel; and 3) he was sentenced to 20 days in jail. Thus, Mr. Card claims that this Utah state conviction cannot be used to enhance his present sentence because the prior conviction was constitutionally infirm.

It is well established that the Sixth and Fourteenth Amendments of the United States Constitution prohibit a court from sentencing a defendant to a term of imprisonment unless he or she is represented by counsel or waives counsel. <u>See</u> <u>Scott v. Illinois</u>, 440 U.S. 367, 374 (1979). Further, a court cannot base a sentence enhancement on a prior uncounseled misdemeanor conviction when the

defendant was sentenced to imprisonment unless the defendant waived counsel. See Nichols v. United States, 511 U.S. 738, 746-47 (1994).[3]

Here, Mr. Card claims that he was assessed a criminal history point for a Utah state conviction for possession of marijuana which resulted in the imposition of a jail sentence. Mr. Card further contends that the PSR fails to establish that he was represented by counsel or that he waived counsel. Mr. Card is correct. The PSR provides no clarification on the issue of representation regarding Mr. Card's Utah state marijuana possession conviction. The PSR states: "Court records are unclear concerning attorney representation." See Presentence Report, ¶ 27, at 5.

However, Mr. Card, not the government, had the burden of proving by a preponderance of the evidence that his prior conviction was constitutionally infirm. See United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996) ("Once the government establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm"); United States v. Johnson, 973 F.2d 857, 862 (10th Cir. 1992) (same);

---

[3]The Sentencing Guidelines, by negative inference, also support the proposition that courts must exclude for enhancement purposes prior convictions that resulted in jail sentences in which defendant neither was represented by counsel nor waived his or her right to counsel. See U.S. Sentencing Guidelines Manual § 4A1.2 comment (backg'd) ("Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed.").

see also United States v. Wicks, 995 F.2d 964, 978 (10th Cir. 1993).[4] Far from

meeting his burden, Mr. Card failed even to object to the PSR's inclusion of the

prior Utah conviction as a basis for adding a criminal history point.[5] In light of

the PSR's ambiguity on representation and waiver regarding Mr. Card's prior

Utah state marijuana possession conviction and Mr. Card's failure to produce any

evidence to meet his burden of proving the conviction's infirmity, we cannot find

plain error. Accordingly, we affirm.

---

[4]Mr. Card misapprehends the burden allocation in this case. In support of his position that the government bears the burden of proving sentence increases he cites United States v. Rice, 52 F.3d 843, 849 (10th Cir. 1995) and United States v. Kirk, 894 F.2d 1162, 1164 (10th Cir. 1990). While these cases make clear that the government generally bears the burden of proving sentence increases, a later Tenth Circuit case has settled the specific issue before this court. In United States v. Windle, 74 F.3d 997 (10th Cir. 1996), this court held that for sentence enhancements arising out of prior convictions the government has the burden of establishing the existence of a conviction. See id. at 1001. Once the government establishes the existence of a conviction, the burden shifts to the defendant to prove by a preponderance of the evidence that the conviction was constitutionally infirm. See id. Mr. Card claims that Windle cannot be applied in this case because the presentence report in Windle established that the defendant had waived his right to counsel at each of his convictions resulting in jail sentences. However, this factual distinction cannot alter the burden allocation established in Windle.

[5]Unless evidence shows otherwise, we must presume that the Utah courts that convicted Mr. Card in 1990 complied with all constitutional requirements. See Parke v. Raley, 506 U.S. 20, 29 (1992).

The mandate shall issue forthwith.

                            ENTERED FOR THE COURT


                            David M. Ebel
                            Circuit Judge