F I L E D
United States Court of Appeals
Tenth Circuit

DEC 13 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DANIEL L. CARD,

    Defendant-Appellant.

No. 00-4116

(D.C. No. 99-CV-803)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

In 1997, a federal jury convicted Defendant Daniel L. Card of possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) & 5871, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Defendant to 87 months imprisonment. We upheld Defendant's conviction and sentence on direct appeal. United States v. Card, No. 98-4023, 1998 WL 704640 (10th Cir. Oct. 2,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of the appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

1998) (unpublished).

In October 1999, Defendant filed a motion to set aside his sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Defendant raised the following five claims: (1) the district court lacked jurisdiction because (a) his grand jury indictment did not contain the penalty provision for the charge of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), (b) Utah state law allowed him to possess a firearm, and (c) no testimony was submitted to the grand jury to prove that he traveled with or shipped the firearm in interstate commerce; (2) his conviction is flawed because an intervening rule of law established in Jones v. United States, 526 U.S. 227 (1999) establishes that the maximum penalty for the crime charged is an element of the crime and therefore must be included in the indictment; and (3) he received ineffective assistance of counsel because counsel did not know the sentencing guidelines and therefore gave bad legal advice, failed to object to the indictment, and failed to object to the court's jurisdiction.

A magistrate judge ordered the United States Attorney to file a response to Defendant's § 2255 motion. In its response, the United States Attorney argued the motion was barred by the one-year limitation in 28 U.S.C. § 2255. The magistrate judge concluded Defendant's motion was timely, entered a report, and recommended that Defendant's motion be denied on the merits. After considering Defendant's objections, the district court adopted the magistrate judge's recommendation and dismissed the motion. Defendant now moves for a certificate of appealability.

Defendant raises the same claims he raised in the district court. A defendant may appeal the denial of a § 2255 motion, however, only if "a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). We conclude Defendant has failed to make the required showing.

We have thoroughly reviewed Defendant's application for a certificate of appealability, his brief, the magistrate judge's report and recommendation, the district court's order adopting the magistrate judge's recommendation, and the entire record before us. We conclude that Defendant's claims lack merit substantially for the reasons set forth in the magistrate judge's report and recommendation. Because Defendant has not made a substantial showing of the denial of a constitutional right, we deny his request for a certificate of appealability and dismiss the appeal.

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge