**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIAM MICHAEL CAIN,

      Defendant - Appellant.

No. 08-6148
(D.C. No. 07-CV-01159-M)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

Defendant-Appellant William Michael Cain, a federal inmate appearing pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion. We grant what we have construed as Mr. Cain's motion to file a supplemental brief, and have considered that brief in addition to the record and Mr. Cain's other pro se filings. Because Mr. Cain has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability ("COA") and dismiss the appeal.

On March 14, 2005, Mr. Cain pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). R. Doc. 1, 17. Although § 922(g)(1) provides for a maximum sentence of not more than ten

years' imprisonment and a fine or both, <u>see</u> 18 U.S.C. § 924(a)(2), the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), requires imposition of a sentence of not less than fifteen years for any person who violates § 922 and has three previous felony convictions. Because Mr. Cain is a previous offender subject to the ACCA, he was sentenced to 180 months' (15 years') imprisonment and three years' supervised release. R. Doc. 28. His conviction was affirmed on direct appeal. <u>United States v. Cain</u>, 184 F. App'x 732 (10th Cir. 2006). In his § 2255 motion, Mr. Cain argues that his counsel was deficient in failing to warn him of the penalty under the ACCA. R. Doc. 41. He maintains that his petition to enter a guilty plea stated that the penalty was ten years, indicating that the government would only seek ten years, not fifteen.

In order to succeed on an ineffective assistance of counsel claim, Mr. Cain must demonstrate deficient performance by his counsel and resulting prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). In the guilty-plea context, he must demonstrate that but for his counsel's deficient performance, he would have insisted upon going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

In this case, we need go no further than to recognize that Mr. Cain lacks the factual predicate to establish prejudice. The plea colloquy demonstrates that the government alerted the court and Mr. Cain of a fifteen-year mandatory minimum, and Mr. Cain indicated his understanding of that penalty. R. Doc. 47 attach. 1 (Plea Tr. at 4). Additionally, because Mr. Cain has previously been convicted of

- 2 -

three felonies that qualify him as an armed career criminal, the ACCA's application to him is mandatory. "The statute does not require government action to trigger its application nor does it vest discretion in the sentencing court not to apply its mandate. Section 924(e)(1) states that a defendant meeting the requirements of the subsection 'shall be . . . imprisoned not less than fifteen years.'" United States v. Johnson, 973 F.2d 857, 860 (10th Cir. 1992). For these reasons, Mr. Cain cannot demonstrate that the district court's disposition of his § 2255 motion was reasonably debatable and a COA should not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge