**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

vs.

UBALDO RAMOS-MARTINEZ,

Defendant - Appellant.

No. 04-2306
(D.C. No. CR-03-1405)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Ubaldo Ramos-Martinez appeals from the sentence imposed upon his conviction of conspiracy in violation of 21 U.S.C. § 846 and distribution of more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 842(b)(1) and 18 U.S.C. § 2. At sentencing, the district court, over Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Ramos-Martinez's objections, applied the Sentencing Guidelines and relied upon computer print-outs obtained by the probation office in enhancing Mr. Ramos-Martinez's sentence for six prior convictions. Mr. Ramos-Martinez's guideline imprisonment range was 292 to 365 months and the district court sentenced him to 292 months imprisonment.

On appeal, Mr. Ramos-Martinez presents two claims. First, following Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), he argues that the district court erroneously sentenced him in accordance with the sentencing guidelines, which it viewed as mandatory. The United States, recognizing that this case is controlled by United States v. Labastida-Segura, 396 F.3d 1140 (10th Cir. 2005), concedes that we should remand for resentencing. Aplee. Br. at 10.

Mr. Ramos-Martinez also argues that the district court erred in calculating his criminal history score because it based that determination on records that were not sufficiently reliable. Although such documentation seems to be an appropriate basis upon which to base a criminal history score, see United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996); United States v. Esparza-Varela, No. 03-2279, 2004 WL 1280531, at *4 (10th Cir. June 10, 2004), we need not make that determination because of our remand. If Mr. Ramos-Martinez wishes to pursue this contention further, he may do so at resentencing.

We GRANT Mr. Ramos-Martinez's motion to proceed IFP and REMAND for re-sentencing.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge