**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN ESPARZA-VARELA aka
Gene Zamora,

Defendant - Appellant.

No. 03-2279

(D. New Mexico)

(D.C. No. CR-03-984-JP)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Judge, **ANDERSON** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Martin Esparza-Varela pled guilty to one count of reentry into the United States following deportation and following a prior conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2) and (b)(2). He was sentenced to twenty-four months' imprisonment, followed by two years of unsupervised release. Mr. Esparza-Varela appeals his sentence, arguing the government failed to provide sufficient reliable evidence of two prior convictions that were counted in the calculation of his criminal history category. For the reasons discussed below, we affirm.

## BACKGROUND

Mr. Esparza-Varela was arrested at a United States Border Patrol checkpoint near Las Cruces, New Mexico, on March 20, 2003, after a background check revealed that he had been deported to Mexico on November 12, 2001, following his conviction on a charge of attempted forgery, an aggravated felony under 8 U.S.C. § 1101(a)(43). Without entering into a plea agreement, he pled guilty to the sole charge brought against him, illegal reentry in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2).

The presentence report ("PSR") prepared by the U.S. Probation Office calculated a criminal history category of IV for Esparza-Varela, based in part on a prior conviction for battery domestic violence in the municipal court of Las

Vegas, Nevada, on January 2, 2001, and a prior conviction for battery in the Clark County Justice Court in Las Vegas, Nevada, on February 15, 2001. Together with the calculated offense level of 13, this yielded a sentencing range of twenty-four to thirty months. Among the other details included in the PSR were the following facts: that Esparza-Varela was born on August 14, 1978, in Ciudad Juarez, Chihuahua, Mexico; that he lived in Las Vegas, Nevada, from 1991 to 2001; that he married Bonnie Lenore Campos in Las Vegas in 1998; and that he has a tattoo depicting the name "Bonnie" in Old English on his lower abdomen.

Esparza-Varela objected to the PSR's inclusion of three criminal history points based on the two battery convictions, arguing that the computer printouts indicating the convictions were not reliable evidence. He argued the convictions should therefore not be included in the criminal history calculation, and thus his category should be reduced from IV to III, yielding a sentencing range of eighteen to twenty-four months.

At the subsequent sentencing hearing, in response to Esparza-Varela's objection that he had not received copies of the probation officer's evidence of these two convictions, the court issued a brief continuance to allow the officer to produce his evidence. In support of the first conviction, the officer submitted, in his description, a "computer printout generated by the probation office in Las Vegas, Nevada," together with a police report of the arrest. Tr. of Sentencing

Hr'g at 11, R. Vol. IV. The printout indicated the defendant, listed as "Esparza, Martin," had pled guilty as charged to battery domestic violence. The police report had the same "event number" as the printout and recorded the arrestee's name as "Esparaza, Martin," with a birth date of August 14, 1978. The report further indicated the arrest arose out of a dispute between "Martin Esparaza" and his wife, "Bonnie Campos." In support of the second conviction, the officer submitted a "computer generated court proceedings printout" from the database of the Las Vegas municipal court, together with a police report of the arrest.        Id. The printout indicated the defendant, listed as "Esparca, Martin," entered a plea of nolo contendere to a charge of battery domestic violence. The police report, again having the same "event number" as the printout, indicated "Martin Esparca" had been arrested following a dispute with his ex-wife, "Bonnie Campos," that Esparca's real date of birth was August 14, 1978, and that Esparca had a tattoo of "Bonn" on his abdomen.

Reviewing the documents on the bench, the court noted the near identity of the names of the defendants in the Las Vegas convictions with Esparza-Varela, and the identical dates of birth. The court asked "whether the defendant seeks to present any evidence in contradiction of the conclusion that was suggested by the probation officer."   Id. at 10. Esparza-Varela made proffers that he had no recollection of the convictions. The court then made a finding that the two Las

Vegas convictions "are supported by a preponderance of the evidence," id. at 14, and proceeded to sentence Esparza-Varela in accord with the PSR's recommendation.

On appeal, Esparza-Varela renews his argument that the evidence of the two Las Vegas convictions was insufficiently reliable and that the government failed to meet its burden of proof. He also argues he had no reasonable opportunity to contest the probation officer's evidence because it was not made available to him prior to the sentencing hearing.

**DISCUSSION**

We review a district court's factual findings at sentencing for clear error and its interpretation of the Sentencing Guidelines de novo. United States v. Simpson, 94 F.3d 1373, 1380 (10th Cir. 1996).

Here, we discern no error in the district court's finding that Esparza-Varela had two prior battery convictions in Las Vegas and its conclusion that these convictions were properly included in Esparza-Varela's criminal history calculation. "At sentencing, the district court may rely on facts stated in the presentence report unless the defendant has objected to them." United States v. Shinault, 147 F.3d 1266, 1277 (10th Cir. 1998). However, "[w]hen a defendant objects to a fact in a presentence report, the government must prove that fact at a

sentencing hearing by a preponderance of the evidence." Id. at 1278; see also

United States v. Torres, 182 F.3d 1156, 1162 (10th Cir. 1999) (holding the

government must show, by a preponderance of the evidence, "whatever facts are

needed to justify adding additional criminal history points" (further quotation

omitted)). The evidence offered need not be admissible under the Federal Rules

of Evidence. Fed. R. Evid. 1101(d)(3). Nevertheless, it must have "sufficient

indicia of reliability to support its probable accuracy." United States Sentencing

Commission, Guidelines Manual ("USSG") §6A1.3(a) (Nov. 2002).

In this case, the evidence produced by the probation officer in response to

Esparza-Varela's objection was sufficiently reliable. The computer printouts

from the databases of the Las Vegas municipal court and the U.S. probation office

in Las Vegas, though the parties do not refer to them as docket sheets, contain

similar information to that found on a docket sheet. They indicate the history of

court proceedings in both cases, one ending in a guilty plea and one ending in a

nolo contendere plea. The probation office's assertion that the subject of these

printouts is Esparza-Varela is corroborated by factual details in the accompanying

police reports – the defendant's name, his date of birth, his residence in Las

Vegas, the name of his wife or ex-wife, and the tattoo.

Esparza-Varela's sole quibble with the reliability of these documents

appears to be that they are not certified and are therefore "of uncertain

provenance," lacking proof "that they are accurate copies of court or other official records." Appellant's Br. at 13. He cites no authority, however, and we have found none, requiring such documents to be certified in order to be found reliable. See, e.g. , Simpson , 94 F.3d at 1381 (holding "a certified docket sheet is adequate, absent some contradictory evidence by the defendant, to establish the existence of a prior conviction for this sentencing purpose," but not indicating certification was necessary to the adequacy holding). The presence of supporting documentation from government sources, despite its lack of certification, is sufficient, we believe, to distinguish this case from United States v. Floyd , 343 F.3d 363 (5th Cir. 2003), cited by Esparza-Varela, where a district court's criminal history finding was overturned because "[t]he only evidence . . . from which the district court could have concluded that [the defendant] had a prior conviction was the unsworn statements of the probation officer," and no "supporting documentation evidencing [the] conviction[] was ever provided." Id. at 373. Compare Shinault , 147 F.3d at 1277-78 (upholding prior conviction findings based on charging documents citing names other than the defendant's, together with the probation officer's testimony that the names were aliases of the defendant).

We conclude that the government met its burden of proof and reject Esparza-Varela's claim that the district court improperly shifted the burden to

him. "Once the government had established the fact of [a] prior conviction, the burden then shifted to [the defendant] to challenge its validity." United States v. Ortiz, 63 F.3d 952, 955 (10th Cir. 1995). We also reject Esparza-Varela's claim that he had insufficient opportunity to mount such a challenge because he did not see the probation office's documentation until the sentencing hearing. Esparza-Varela was made aware of the alleged prior convictions when he received the PSR. His written objections to the PSR indicate he knew about the alleged prior convictions and that the probation office was relying on "a computer printout and not . . . an actual copy of the judgment and conviction." Attach. to Second Addendum to PSR, R. Vol. II. After the documents were produced at the sentencing hearing, the court gave Esparza-Varela an opportunity to contradict the probation office's claim, but Esparza-Varela offered no evidence indicating the documentation was unreliable or the information contained therein was inaccurate, nor does he suggest on appeal that such evidence exists. Although the probation office should have provided the documents to the defense earlier, its failure to do so does not, we think, warrant reversal under these circumstances. Compare United States v. Wise, 990 F.2d 1545, 1549-50 (10th Cir. 1992) (holding defendant's due process rights were violated where the district court did not allow the defendant to question the probation officer at the sentencing hearing regarding the factual basis for his conclusions).

We therefore uphold the district court's criminal history calculation.


**CONCLUSION**

For the foregoing reasons, the district court's sentence is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge