**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LEOPOLDO ZUNIGA-CHAVEZ,

      Defendant - Appellant.

No. 04-2293

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-04-940-JB)**

---

Robert E. Kinney, Assistant Federal Public Defender (Kurt J. Mayer, Assistant Federal Public Defender, with him on the briefs), Las Cruces, NM, for the Defendant-Appellant.

Terri J. Abernathy, Assistant United States Attorney (David C. Iglesias, United States Attorney, with her on the brief), Las Cruces, NM, for the Plaintiff-Appellee.

---

Before **MURPHY**, Circuit Judge, **McWILLIAMS** and **EBEL**, Senior Circuit Judges.

---

**EBEL**, Circuit Judge.

---

Defendant Leopoldo Zuniga-Chavez pleaded guilty to unlawful reentry after deportation. At sentencing, the district court relied on the government's proffered evidence of Defendant's five prior California state criminal convictions — a certified docket sheet, a certified copy of an "abstract judgment," and court case summaries — to raise Defendant's offense level and criminal history. Based on those calculations, the district court sentenced Defendant to thirty-seven months' imprisonment — the bottom end of the then-mandatory Sentencing Guidelines range. The district court also proposed an identical "alternative sentence" in case the Guidelines were found unconstitutional.

On appeal, Defendant claims that we must remand for resentencing due to the Supreme Court's intervening decision in United States v. Booker, 543 U.S. 220 (2005), because the district court applied the Sentencing Guidelines in a mandatory fashion and did not explicitly state that it was considering the factors in 18 U.S.C. § 3553(a). Defendant also claims, citing the Supreme Court's decision in Shepard v. United States, 544 U.S. 13 (2005), that the documents purporting to prove his prior convictions were not sufficiently reliable. We reject all of Defendant's arguments and AFFIRM his sentence.

## I. BACKGROUND

On May 19, 2004, Zuniga-Chavez pleaded guilty (without a plea agreement) to one count of unlawful reentry by a deported alien. See 8 U.S.C. § 1326(a)(1)-(2). The Presentence Report ("PSR") recommended a twelve-level

enhancement to Defendant's base offense level based on his prior felony conviction for possession of marijuana for sale.[1]  The PSR also allocated Defendant a total of eight criminal history points — two points each for: a 1993 DWI conviction, a 1994 conviction for "Battery, Violation of Order of Protection," a 1996 conviction for "Possession Bad Checks/Money Order," and a 1996 conviction for receiving stolen property.  All of Defendant's prior convictions, including the drug conviction, took place in California state court. Under the then-mandatory Sentencing Guidelines, the applicable sentencing range for Defendant's offense level and criminal history was thirty-seven to forty-six months in prison.

Defendant objected to the PSR, arguing that (1) he should not receive the offense level increase or the eight criminal history points because the government had not sufficiently proven his prior convictions; (2) the government should have to prove to a jury beyond a reasonable doubt that his prior drug conviction was for an aggravated felony; and (3) the sentencing guidelines are unconstitutional as a result of Blakely v. Washington, 542 U.S. 296 (2004).

At Defendant's October 2004 sentencing hearing, the government introduced five exhibits relating to Defendant's prior California convictions: a

---

[1]"If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels . . . ." U.S.S.G. § 2L1.2(b)(1)(B).

certified copy of an "abstract of judgment" relating to his conviction for possession of marijuana for sale, a certified copy of the docket sheet relating to Defendant's conviction for receiving stolen property, and court case summaries of Defendant's three other convictions. The district court overruled Defendant's objection to the introduction and sufficiency of this evidence and concluded that it established the prior convictions by a preponderance of the evidence. The court also overruled Defendant's other objections to the PSR.[2]

The district court then sentenced Defendant to thirty-seven months' imprisonment, the bottom end of the Guidelines range. The court further stated: "Should the [G]uidelines be declared unconstitutional, the Court will propose an alternative sentence. The alternative sentence . . . would also be 37 months with all other conditions being the same." Defendant's attorney objected to the alternative sentence "because if the guidelines were declared unconstitutional, I believe that the procedures for sentencing would actually be much different, where we would actually have evidentiary hearings and the court could consider much more evidence than it actually has considered." The court overruled this objection, and Defendant now appeals.

---

[2]The district court memorialized its holdings in a published Memorandum Opinion. See United States v. Zuniga-Chavez, 376 F. Supp. 2d 1163 (D.N.M. 2004).

## II. DISCUSSION

Defendant advances two main arguments on appeal.  First, he argues that we should remand for resentencing based on the Supreme Court's intervening decision in Booker, 543 U.S. 220.  Second, he claims that under Shepard, 544 U.S. 13, there was insufficient evidence to prove the prior California convictions and thus that they should not have been used to enhance his sentence.  We reject his arguments and affirm the sentence imposed by the district court.

### A.  Booker Error

#### 1.  Standard of review

Defendant claims only "non-constitutional Booker error."  See United States v. Gonzalez-Huerta, 403 F.3d 727, 731–32 (10th Cir. 2005) (en banc) (describing "non-constitutional Booker error" as "applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion").  The United States correctly concedes that Defendant preserved this error by lodging a Blakely objection at sentencing.  We therefore review for harmless error.  United States v. Labastida-Segura, 396 F.3d 1140, 1142–43 (10th Cir. 2005).  A non-constitutional Booker error is harmless when it does not affect a defendant's substantial rights by "affect[ing] the district court's selection of the sentence imposed." Id. at 1143 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)).

## 2. Analysis

Defendant makes a two-pronged <u>Booker</u> argument on appeal. First, he contends that he must be resentenced because, as we recognized in <u>Labastida-Segura</u>,

> where [the sentence] was already at the bottom of the guidelines range, to say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture—we simply do not know what the district court would have done after hearing from the parties.

396 F.3d at 1143. Defendant argues that this language shows that resentencing is required whenever a district court, applying the Guidelines in a mandatory fashion, imposes a sentence at the bottom of the Guidelines range — even if the district court specifies an identical alternative sentence.

This argument is easily dismissed. After the briefs in this case were filed, we held in <u>United States v. Corchado</u>, 427 F.3d 815 (10th Cir. 2005), that

> [n]on-constitutional <u>Booker</u> errors . . . warrant a remand for resentencing where we are unable to say, without undue speculation, that the district court would have imposed the same sentence on remand. Here, we are not required to engage in any speculation, undue or otherwise, because the district court explained exactly what it would do if the Guidelines were found unconstitutional. . . . Because we are confident that the district court would impose the same sentence upon remand, we affirm the district court's decision.

<u>Id.</u> at 821 (citations omitted). Similarly, in this case we need not speculate about what the district court would have done absent mandatory application of the Guidelines — the court specifically stated that it would impose the same sentence

if the Guidelines were found unconstitutional. Therefore, the district court's error was harmless.

Second, Defendant argues that <u>Booker</u> requires that he be resentenced because the district court failed to "explicitly state that it was applying or considering all of the factors of [18 U.S.C.] § 3553(a)."[3] This argument is also unavailing. In <u>Corchado</u>, we rejected this requirement, stating:

> Although the district court did not specify that it was applying the sentencing methodology suggested in <u>Booker</u> — namely consultation of the advisory Guidelines and the factors listed in 18 U.S.C. § 3553(a) — we know that the court consulted the Guidelines and adopted the findings in the PSR, which analyzed several of the factors set forth in 18 U.S.C. § 3553(a).

427 F.3d at 821. Similarly, in <u>United States v. Rines</u> we concluded that it was not error for a district court to fail to "march through" the § 3553(a) factors. 419 F.3d 1104, 1107 (10th Cir. 2005). We stated:

> [W]e have never imposed such a requirement. . . . [T]he sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence. Moreover, we do not demand that the district court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.

<u>Id.</u> (quotations omitted).

---

[3]Section 3553(a) states that in calculating a sentence, the sentencing court "shall consider," *inter alia*, the nature of the offense, the need for deterrence, the need to protect the public, the kinds of sentences available, the need to avoid sentence disparity, and the need to provide restitution to victims.

As in Corchado, the district court in this case consulted the Guidelines and "spent a considerable amount of time reviewing the presentence report and talking to Probation as well as taking into account the comments here at the hearing, as well as reviewing all the documentation that was submitted by Probation." Even though the district court did not "march through § 3553(a)'s sentencing factors," Rines, 419 F.3d at 1107, we have unmistakably rejected that as a requirement. Therefore, we also reject Defendant's second argument for resentencing based on Booker error.

## B. Proof of Prior Convictions

Next, Defendant contends that the government "failed to prove the existence of the alleged California convictions with sufficiently reliable evidence" and that he therefore "should be resentenced without the convictions being considered when computing his sentencing guideline range." We conclude, however, that the government has met its burden and therefore affirm the district court's decision.

### 1. Standard of review

"We review the district court's factual findings . . . under the clearly erroneous standard, and review de novo the district court's legal interpretation of the Sentencing Guidelines." United States v. Hawley, 93 F.3d 682, 686–87 (10th Cir. 1996). "The government must establish the fact of a prior conviction by a

preponderance of the evidence." United States v. Simpson, 94 F.3d 1373, 1381

(10th Cir. 1996).

**2. Analysis**

The Sentencing Guidelines Manual states:

> When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

U.S.S.G. § 6A1.3(a); see also United States v. Beaulieu, 893 F.2d 1177, 1180

(10th Cir. 1990) ("The Guidelines expressly allow the use of *any reliable*

*information*."). Thus, the question is whether the evidence submitted to prove

Defendant's prior convictions has "sufficient indicia of reliability to support its

probable accuracy."

Defendant asserts that the materials used as evidence of his California

convictions "cannot be considered 'conclusive' judicial records of the prior

conviction because they are clerical documents." He argues that instead, "[t]o

satisfy due process . . . , either the Government or the probation officer must

present a judgment of conviction or equivalent document." However, as the

government points out, we have in the past accepted documents other than

judgments of conviction, or their equivalent, as sufficient evidence of prior

- 9 -

conviction.  In United States v. Simpson, the only evidence of the defendant's conviction was a "certified docket sheet" that the probation officer had obtained from the state court.  94 F.3d at 1381.  We stated: "We believe that a certified docket sheet is adequate, absent some contradictory evidence by the defendant, to establish the existence of a prior conviction for [purposes of enhancing a sentence under the Guidelines.]"  Id.

Similarly, in United States v. Johnson, we addressed a defendant's claim that there was not sufficient evidence to establish one of his three prior felony convictions.  973 F.2d 857, 861 (10th Cir. 1992).  As to that conviction, the government had submitted only "certified copies of journal entries indicating . . . revocation of probation based on [the felony in question.]"  Id.  However, the defendant "offered no proof that contradicted the government's evidence."  Id. We therefore held that "the journal entry revoking defendant's probation based upon the . . . conviction is sufficient to establish that such a conviction existed." Id. at 861–62.

Applying the holdings of Simpson and Johnson to the evidence before us, it is clear that the certified docket sheet evidencing Defendant's conviction for receiving stolen property is proper evidence of that conviction.  Similarly, the certified copy of the abstract judgment suffices to prove Defendant's conviction for possession of marijuana for sale since, as the government points out, "[t]his abstract contains as much, if not more, information than a docket sheet, including

the charge, a record of the advice of rights and the guilty plea, and the sentence imposed." We conclude that it is sufficiently reliable to be used for enhancing Defendant's sentence.

Defendant argues extensively that the recent Supreme Court decision in Shepard v. United States, 544 U.S. 13 (2005), undermines our holdings in Simpson and Johnson and requires that "the fact of prior conviction must be proven by *conclusive* judicial records," which, according to Defendant, includes only the items listed in Shepard: "jury instructions, or bench trial findings and rulings, or (in a pleaded case) in the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea." Shepard, 544 U.S. at 25.

The Supreme Court in Shepard, however, addressed an entirely different question: what evidence could be used to show that a plea of guilty to burglary defined by a nongeneric burglary statute "necessarily admitted elements of the generic offense." Id. at 26. The court did not address what documents can be used to prove the *fact of a prior conviction*, but was concerned only with what documents can be used to prove the *facts underlying a conviction* where the elements of the state crime do not precisely mirror the federal definition. Therefore, we do not find Shepard controlling on the issue presented in this case.[4]

_____

[4]Although Defendant argues that "[t]he documents are clerical documents subject to mistake," we do not look at whether the evidence was infallible, only

(continued...)

- 11 -

The remaining convictions, which were evidenced only by case summaries, are arguably different since the evidence was not certified by the California state court. However, reliability — not certification — is the key for determining the sufficiency of evidence of a prior conviction. We have previously concluded in a number of unpublished opinions that uncertified documents may be sufficient to support a sentence enhancement. See United States v. Esparza-Varela, 106 F. App'x 1, 2, 4 (10th Cir. 2004) (unpublished) (accepting computer printouts that, "though the parties do not refer to them as docket sheets, contain similar information to that found on a docket sheet" and concluding that "[the defendant] cites no authority . . . and we have found none, requiring such documents to be certified in order to be found reliable"); United States v. McGee, No. 99-2054, 1999 WL 704288, at *1 (10th Cir. Sept. 10, 1999) (unpublished) (rejecting the defendant's "suggest[ion] that the docket printouts were unreliable in part because they were not certified"); see also United States v. Chavarria, No. 99-1444, 2000 WL 192830, at *1 (10th Cir. Feb. 17, 2000) (unpublished) (stating, without mention of certification, that "[p]rior convictions can be proven for sentencing purposes through collateral sources such as a docket sheet").

Several of our sister circuits have come to the same conclusion in published cases. See United States v. Stobaugh, 420 F.3d 796, 803 (8th Cir. 2005) ("While

---

⁴(...continued)
whether it had "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).

certified records are generally sufficient to prove prior convictions, they are not necessary.") (citation omitted); <u>United States v. Chavaria-Angel</u>, 323 F.3d 1172, 1176 (9th Cir. 2003) ("We . . . reject Defendant's invitation to create a per se or absolute rule requiring the use of certified records. We recognize that the use of certified records is an effective, efficient, and perhaps even preferable method of proving the circumstances underlying a prior conviction, but we find nothing in the statute, the case law, or logic that would require it."); <u>see also</u> <u>United States v. Acosta</u>, 287 F.3d 1034, 1038 (11th Cir. 2002) (concluding that "[a]lthough the government could not produce a certified copy of the adjudication because Acosta's records were sealed," the government had proved his prior conviction *beyond a reasonable doubt* because "the uncertified copy the government did introduce was identical"); <u>cf.</u> <u>United States v. Fordham</u>, 187 F.3d 344, 347 (3d Cir. 1999) ("To establish reliability of [a] foreign conviction, certified copies of the conviction albeit desirable are not required for the sentencing court's determination as to whether an upward adjustment is warranted."). We agree with these cases, including our unpublished decisions, and conclude that, although certainly preferable, certification is not a prerequisite to reliability. A case summary obtained from a state court and prepared by a clerk — even if not certified by that court — may be sufficiently reliable evidence of conviction for purposes of enhancing a federal sentence where the defendant fails to put forward any persuasive contradictory evidence.

Because Defendant did not argue that any persuasive contradictory evidence tended to show that he was not convicted of the crimes used to enhance his sentence, we conclude that the government has met its burden of showing the prior convictions by a preponderance of the evidence.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.