**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN TRUJILLO,

Defendant-Appellant.

No. 06-8081

(D. Wyoming)

(D.C. No. 06-CR-131-ABJ)

## ORDER AND JUDGMENT[*]

Before **TACHA,** Chief Judge, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, on June 6, 2007, this court entered an order directing that the matter be submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Introduction

Steven Trujillo pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime and one count of interstate transportation of stolen property. The Presentence Report ("PSR") recommended a total offense level of twenty-seven and a criminal history category of III, based in part on its determination that Trujillo's offense level should be calculated under USSG § 2B3.1. Trujillo objected to the application of § 2B3.1 and also raised a number of other objections to the calculation of his total offense level and criminal history score. The district court concluded § 2B3.1 applied and ultimately agreed with the PSR recommendations as to Trujillo's total offense level and criminal history category. The court then sentenced Trujillo to seventy-seven months on the count of interstate transportation of stolen property, a sentence ten months below the bottom of the guideline range applicable to that count. It also imposed a five-year sentence on the firearm count and ordered the two sentences to run consecutively, as required by statute. 18 U.S.C. § 924(c)(1)(A)(i). Trujillo appeals the sentence imposed by the district court on the interstate transportation count, arguing the calculation of his advisory guideline range was erroneous and violated his constitutional rights. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and **affirms**.

## II. Background

Trujillo and two codefendants, Riemundo Bermudez and Melesio Rojas, traveled to Casper, Wyoming, with the stated purpose of robbing Brandt Loepp, an acquaintance to whom Trujillo had regularly sold marijuana. The morning after they arrived, Rojas asked Loepp to show him some stolen jewelry which Loepp had offered to sell to Trujillo on a prior occasion. When Loepp opened the safe where the jewelry was stored, Trujillo and Bermudez overpowered Loepp. Trujillo and his confederates then restrained Loepp and his girlfriend with duct tape, telephone cords, and electrical cords. In addition to the jewelry, they stole Loepp's wallet, two firearms, and a pound of marijuana which they had delivered to Loepp the previous night. Trujillo and the other two men then locked the dead bolt on the front door of Loepp's home and fled the scene.

As the men were returning to Denver, a Colorado State Patrol officer observed their vehicle traveling ninety miles per hour, well over the posted speed limit of seventy-five miles per hour, and activated his overhead emergency lights to initiate a traffic stop. Trujillo, who was the driver of the vehicle, refused to stop. After attempting to flee the officer for thirteen miles, Trujillo crashed the car while exiting the interstate. All three men then attempted to escape on foot, but were ultimately apprehended and placed under arrest. A subsequent search of the vehicle, which itself was stolen, revealed multiple firearms, more than $200,000 in stolen jewelry, and approximately one pound of marijuana.

Trujillo was indicted on four separate charges: possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count One); use of a firearm during and in relation to a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(i) (Count Four); possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(i) (Count Five); and interstate transportation of stolen property, in violation of 18 U.S.C. § 2314 (Count Six). Trujillo pleaded guilty to Counts Five and Six pursuant to a plea agreement in which the government agreed to dismiss the remaining counts, support a three-level reduction for acceptance of responsibility, and recommend a sentence at the low end of the advisory guideline range.

After the guilty plea, a PSR was prepared. With respect to Count Six, the PSR calculated a total offense level of twenty-seven and a criminal history category of III, resulting in an advisory guideline range of 87 to 108 months. In making this determination, the PSR applied USSG § 2B3.1. Although the PSR noted a violation of 18 U.S.C. § 2314 typically corresponds to § 2B1.1, it cited the commentary to that guideline, which states, "This guideline does not include an enhancement for thefts from the person by means of force or fear; such crimes are robberies and are covered under § 2B3.1 (Robbery)." USSG § 2B1.1, cmt. background. Based on this language and Trujillo's underlying conduct, the PSR determined Trujillo's base offense level was twenty under § 2B3.1(a). It then

applied a two-level enhancement for the physical restraint of a person to facilitate commission of the offense or escape, § 2B3.1(b)(4); a one-level enhancement for the taking of firearms and a controlled substance, § 2B3.1(b)(6); a three-level enhancement for loss exceeding $250,000, § 2B3.1(b)(7)(D); a two-level enhancement for Trujillo's role as organizer, § 3B1.1(c); a two-level enhancement for reckless endangerment during flight, § 3C1.2; and a three level reduction for acceptance of responsibility, § 3E1.1(a), (b). Additionally, the PSR recommended four criminal history points for three juvenile convictions and two criminal history points for Trujillo having committed the instant offense less than two years after his release from custody on a prior offense.

Trujillo filed written objections to the PSR and again objected to the recommendations at sentencing. Among other objections involving specific enhancements and the calculation of his criminal history score, Trujillo joined in his codefendant's objection to the use of § 2B3.1, the robbery guideline, to calculate his base and total offense level under the Guidelines. He argued that because Appendix A to the Sentencing Guidelines directs convictions under 18 U.S.C. § 2314 to § 2B1.1, and because the text of § 2B1.1 itself does not contain any cross-reference to § 2B3.1, it would be improper for the sentencing court to apply the robbery guideline to calculate his sentence. In response, the government made two independent arguments to support the application of § 2B3.1. The government first argued the commentary to § 2B1.1, which was

relied on by the PSR and suggests the use of the robbery guideline for theft by means of force or fear, was not inconsistent with the Guidelines and, thus, should be treated as authoritative. In the alternative, the government argued that because the offense involved a firearm, § 2B1.1(c) required the court to cross-reference § 2K2.1, which, in turn, required reference to § 2B3.1, pursuant to § 2K2.1(c)(1)(A).[1] The district court rejected Trujillo's objection and concluded there were "two separate ways" which would ultimately lead to the application of § 2B3.1, based on the conduct underlying the offense. Adopting the recommendations of the PSR,[2] the court determined Trujillo's advisory guideline range with respect to Count Six was 87 to 108 months. The court then granted Trujillo a ten-month downward variance and sentenced him to seventy-seven months on that count. On Count Five, the court imposed a five-year term of imprisonment consecutive to the sentence on Count Six, as required under 18 U.S.C. § 924(c)(1)(A)(i) and (D)(ii).

---

[1]Under USSG § 2K2.1(c)(1)(A), the sentencing court is first directed to § 2X1.1 and then, by way of § 2X1.1(a), to the guideline for the substantive offense, which the district court determined to be robbery in this case.

[2]The district court granted Trujillo's objection with regard to a juvenile adjudication for assault and unlawful acts around schools. The court, however, concluded that granting this motion had no effect on the calculation of Trujillo's criminal history score and resulting criminal history category.

## III.  Analysis

On appeal, Trujillo makes three separate challenges to the sentence imposed by the district court: (1) the calculation of his criminal history category violated Supreme Court precedent; (2) the district court improperly calculated his offense level under the Guidelines based on judicially found facts; and (3) the district court applied the wrong guideline to determine his base offense level.  In reviewing the district court's application of the Sentencing Guidelines, this court reviews factual findings for clear error and legal determinations *de novo*.  *United States v. Serrata*, 425 F.3d 886, 906 (10th Cir. 2005).  This court gives "due deference to the district court's application of the guidelines to the facts." *Id.* (quotation omitted).

### A.  Calculation of Criminal History Category

Trujillo first argues the district court erred in calculating his criminal history category.  He contends the assessment of six criminal history points and a criminal history category of III was improper.  Specifically, he asserts the assignment of any criminal history category other than I was a violation of both *Shepard v. United States*, 544 U.S. 13 (2005), and *United States v. Booker*, 543 U.S. 220 (2005).  While Trujillo does little to develop this argument, this court construes it as a challenge to the district court's use of documents other than those explicitly approved in *Shepard* to establish the existence of Trujillo's prior convictions for purposes of calculating his advisory guideline range.

Alternatively, it may be construed as an argument that the existence of prior convictions must be admitted by a defendant or found by a jury beyond a reasonable doubt. Each of these arguments is foreclosed by circuit precedent.

In *Shepard*, the Supreme Court explained that in determining whether a prior conviction may be characterized as a violent felony for purposes of the Armed Career Criminal Act, a court may consider only "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. at 16. This court, however, has twice held that this same limitation does not apply when determining "the *fact of a prior conviction*" for purposes of calculating a defendant's criminal history category. *United States v. Townley*, 472 F.3d 1267, 1277 (10th Cir. 2007) (quotation omitted); *United States v. Zuniga-Chavez*, 464 F.3d 1199, 1204 (10th Cir. 2006). Rather, in this context, the court may consider any relevant information, "provided that the information has sufficient indicia of reliability to support its probable accuracy." *Zuniga-Chavez*, 464 F.3d at 1203 (quoting USSG § 6A1.3(a)). Because Trujillo did not dispute the reliability of the electronic records relied on by the district court, the district court did not err in using these records to establish Trujillo's prior convictions. *See Townley*, 472 F.3d at 1277 (concluding records from the National Crime Information Center Database were sufficient to establish the existence of the prior convictions where appellant did not present any contradictory evidence).

Nor can Trujillo prevail on an argument that *Shepard* and *Booker* preclude a sentencing court from calculating a defendant's criminal history score based on its own judicial factfinding as to the defendant's prior convictions. In addition to the more general precedent discussed below, which permits a judge to find sentencing facts by a preponderance of the evidence, this court has recently reiterated that the fact of a prior conviction need not be charged in an indictment or found by a jury beyond a reasonable doubt. *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005); *see also Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). This court has repeatedly emphasized that nothing in *Booker* or *Shepard* has disturbed this well-settled rule. *United States v. Williams*, 403 F.3d 1188, 1198 (10th Cir. 2005); *Moore*, 401 F.3d at 1223-24. Although these cases each addressed prior convictions for purposes of the Armed Career Criminal Act, their rationale applies with equal, if not greater, force in the context of the Sentencing Guidelines, where the prior convictions are not used to increase a sentence beyond the otherwise applicable statutory maximum.

**B. Sentence Enhancement**

Trujillo next argues the district court erred in calculating his sentence based on facts not admitted in his plea agreement or found by a jury beyond a reasonable doubt. He argues that by engaging in judicial factfinding to determine both the applicable base offense level and the sentence enhancements, the district court violated his Sixth Amendment rights, as set forth in *Booker* and

*Cunningham v. California*, 127 S. Ct. 856 (2007). As a general matter, this argument merits little response. This court has repeatedly explained that in calculating a defendant's sentence under the Guidelines, "a district court is not precluded from relying on judge-found facts so long as the Guidelines are considered as advisory rather than mandatory." *Townley*, 472 F.3d at 1276; *see also United States v. Rodriguez-Felix*, 450 F.3d 1117, 1131 (10th Cir. 2006); *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005). Because there was no indication the district court erroneously treated the Guidelines as mandatory, it was fully appropriate for the court to base its application of the Guidelines on facts found by the judge by a preponderance of the evidence.

Contrary to Trujillo's suggestion, this well-established precedent is unaffected by the Supreme Court's recent decision in *Cunningham*. In *Cunningham*, the Court invalidated a California statutory sentencing scheme that required the sentencing court to impose a "middle term" sentence unless the judge found additional aggravating facts. 127 S. Ct. at 860, 871. The Court explained this system violated the Sixth Amendment because the judge was granted the sole authority to find facts which were a prerequisite to the imposition of an "upper term" sentence. *Id.* at 870-71. In doing so, however, the Court specifically distinguished the determinate sentencing law at issue in *Cunningham* from the now-advisory Federal Sentencing Guidelines, which allow judges to impose any reasonable sentence within the statutory range, with or without additional

findings. *Id.* at 870. The Court reemphasized that in *Booker*, all justices agreed judicial factfinding would be constitutionally permissible under an advisory sentencing system. *Id.* at 866.

Thus, *Cunningham* does nothing more than reaffirm the holding of *Booker* as it relates to a mandatory sentencing scheme. It does nothing to undermine this court's post-*Booker* jurisprudence or to preclude a sentencing court from engaging in judicial factfinding under the now-advisory Guidelines. *See Rita v. United States*, 127 S. Ct. 2456, 2465-66 (2007) (explaining judicial factfinding only violates the Sixth Amendment if the judge is forbidden from increasing a defendant's sentence in the absence of the judge-found facts).

## C. Application of USSG § 2B3.1

Trujillo's final argument is that the district court erred in applying § 2B3.1, the robbery guideline, to calculate his base offense level. In support of this argument, Trujillo cites no relevant legal authority, but simply quotes the entirety of the oral argument made by his codefendant on this point at sentencing. Essentially, Trujillo contends the district court should have applied § 2B1.1, the guideline referenced by Appendix A to the Sentencing Guidelines for a violation of 18 U.S.C. § 2314. According to the argument incorporated by Trujillo, because § 2B1.1 itself contains no cross-reference to the robbery guideline set forth in § 2B3.1, the commentary on which the PSR and district court relied is inconsistent with the text of the guideline and is, therefore, not authoritative.

As noted above, however, the district court concluded two alternative, independent legal theories supported the application of § 2B3.1: (1) the commentary to § 2B1.1 requires § 2B3.1 to be applied when the underlying conduct involves a theft from the person by means of force and fear; and (2) § 2B1.1(c)(1) contains an applicable cross-reference to § 2K2.1, which ultimately directs the court to § 2B3.1, pursuant to § 2K2.1(c)(1)(A).[3] To the extent Trujillo's third argument constitutes a sufficient legal argument at all, it can only be construed as a challenge to the first of these alternative rationales. It contains no reference to the second, independently sufficient basis noted by the district court in arriving at the robbery guideline. Trujillo has, therefore, forfeited any challenge to the district court's second alternative ground. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004) ("The failure to raise an issue in an opening brief waives that issue."). Where an appellant challenges only one of two alternative rationales supporting a particular decision, the appellant's success on appeal is foreclosed, regardless of the merits of his arguments relating to the challenged ground. *Berna v. Chater*, 101 F.3d 631, 633 (10th Cir. 1996).

---

[3]The district court more fully addressed these two rationales in the sentencing hearing of Trujillo's codefendant, Bermudez, which immediately preceded Trujillo's hearing. Nevertheless, the court specifically incorporated its analysis from Bermudez's hearing into Trujillo's hearing. This context, as well as the court's reference to the "two separate ways" for arriving at the robbery guideline, make clear that the district court considered both rationales as independently sufficient grounds for his decision.

-12-

Even if this court were to rule in Trujillo's favor on the specific issue presented in his appeal, he would not be entitled to relief because the district court's decision to apply § 2B3.1 would remain supported by the unchallenged, alternative rationale. *See id.* Thus, in light of Trujillo's failure to challenge both grounds for the district court's decision, it would be inappropriate for this court to reach the merits of the third issue raised by Trujillo on appeal. *Cf. Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before [it]." (quotation omitted)).

## IV. Conclusion

For the foregoing reasons, this court **affirms** the sentence imposed by the district court.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge