**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-5071**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ANTHONY BROWN,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:07-cr-00032-WMN-1)

———————

Submitted:  May 29, 2008              Decided:  July 15, 2008

———————

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Martin G. Bahl, Staff Attorney, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Brown appeals the sentence imposed after he pleaded guilty to bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 2113(a), (d) (2000). The Presentence Report (PSR) recommended sentencing Brown as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2006). The recommendation was based in part on one conviction for a crime of violence, a 2000 Maryland conviction for armed robbery. On appeal, Brown asserts that the Government's documents were insufficient to prove the conviction and therefore the court erred in applying the career offender enhancement.[*] Finding no error, we affirm.

Section 4B1.1 of the Sentencing Guidelines directs that career offenders be sentenced at enhanced offense levels and at criminal history category VI. A career offender is defined as any defendant who (1) is at least 18 years old, (2) is convicted of a felony that is either a crime of violence or controlled substance offense, and (3) has at least "two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1. A crime of violence is defined to include any federal or state offense punishable by imprisonment for a term

---

[*]Brown also raises the issue of whether the district court should have made all sentencing enhancement determinations based on facts proven beyond a reasonable doubt. However, Brown recognizes that this court has held otherwise. Brown merely requests that his challenge be noted. As Brown recognizes, this challenge to his sentence is without merit.

exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . involves conduct that presents a serious potential risk of physical injury to another."  USSG § 4B1.2(a).

The Supreme Court has held that a federal sentencing court cannot consider items from the record of a prior conviction that were not conclusively validated in the earlier proceeding. Shepard v. United States, 544 U.S. 13, 21, 23 (2005); Taylor v. United States, 495 U.S. 575 (1990); see United States v. Collins, 412 F.3d 515, 521 (4th Cir. 2005).  Brown relies on Taylor and Shepard in asserting that the records are insufficient to support application of the career offender status.  In cases where the prior conviction was the result of a plea agreement, the Shepard court held that a sentencing court may not "look beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented."  Collins, 412 F.3d at 521; see United States v. Washington, 404 F.3d 834, 842 (4th Cir. 2005) (sentencing court's reliance on documents other than those authorized in Shepard resulted in unconstitutional fact-finding). Brown relies on Taylor and Shepard to support his contention that the documents were not sufficient to prove his prior conviction for a crime of violence.

However, the Government correctly distinguishes the holdings in Taylor and Shepard from the case here. Those cases dealt with whether the conviction contested was a crime of violence. Here, Brown concedes that if the Government's proof is sufficient to prove that the 2000 robbery with a deadly weapon conviction exists, there is no fact finding necessary to determine that it is a qualifying predicate offense. We agree with the courts that have recognized that the limitations imposed by Shepard and Taylor do not apply when the government merely seeks to prove the "fact of a prior conviction" rather than, as in Shepard and Taylor, the "facts underlying a conviction." E.g., United States v. Zuniga-Chavez, 464 F.3d 1199, 1204 (10th Cir. 2006).

Brown argues that the documents are clerical and did not serve a sufficiently important function to warrant reliance upon by the court. However, the commitment record demonstrates sufficient indicia of reliability. It contains the information that Brown pleaded guilty to robbery with a deadly weapon under the applicable statutory cite and was used to authorize the Maryland Department of Corrections to imprison Brown for a term of eleven years. We therefore conclude that the documents were sufficiently reliable for the district court to rely on in applying the career offender enhancement.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately

- 4 -

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED