**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HURIEL MENDEZ-MUNOZ, a/k/a
Huriel Munoz Mendez, a/k/a Jose Perez,

Defendant–Appellant.

No. 14-6038
(D.C. No. 5:13-CR-00203-M-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Huriel Mendez-Munoz, a native of Mexico, appeals following his guilty plea to

one count of illegal reentry. His counsel seeks leave to withdraw in a brief filed pursuant

---

* After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

to <u>Anders v. California</u>, 386 U.S. 738 (1967).  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss the appeal and grant counsel's motion to withdraw.

## I

Mendez-Munoz pled guilty to a single count of reentry of a removed alien in violation of 8 U.S.C § 1326(a).  His presentence investigation report calculated a total offense level of seventeen, which included a twelve-level enhancement for a prior California conviction.  To establish proof of this previous conviction, the government proffered an order granting probation and terms of probation from a California court that specified the California statute under which Mendez-Munoz was convicted.  Mendez-Munoz unsuccessfully objected to the twelve-level enhancement, arguing that the probation order was inadequate proof to warrant such an increase.  The district court imposed a sentence of 24 months.  Mendez-Munoz timely appealed.

## II

If, after a conscientious examination of the case, an attorney determines that any appeal would be wholly frivolous, that attorney may so advise the court and request permission to withdraw.  <u>Anders</u>, 386 U.S. at 744.  That request must be accompanied by a brief identifying any potentially appealable issues.  <u>Id.</u>  The defendant may then file a pro se brief.  The court may grant a motion to withdraw and dismiss an appeal if, after a careful examination of the record, it decides that the case is wholly frivolous.  <u>Id.</u>  In this

case, counsel has filed an <u>Anders</u> brief that identifies as a potentially appealable issue insufficient evidence to support the twelve-level enhancement, specifically highlighting the "fundamental disconnect" between the relatively short probated sentence Mendez-Munoz received for his 1997 conviction and "the seriousness and consequences of the former conviction alleged and found here." Mendez-Munoz was notified of his counsel's <u>Anders</u> brief, but he did not file a pro se brief.

We review the district court's legal interpretation of the sentencing guidelines de novo and the district court's factual findings for clear error. <u>United States v. Zuniga-Chavez</u>, 464 F.3d 1199, 1203 (10th Cir. 2006). "The government must establish the fact of a prior conviction by a preponderance of the evidence." <u>United States v. Simpson</u>, 94 F.3d 1373, 1381 (10th Cir. 1996).

After a thorough examination of the record, we conclude that the district court acted properly when it found that the court-issued probation order, signed by a deputy clerk, was sufficient proof to establish Mendez-Munoz's prior conviction by a preponderance of the evidence. The probation order states that Mendez-Munoz had been convicted of a felony and it provides the California Penal Code section under which Mendez-Munoz was convicted. Mendez-Munoz does not question the authenticity or reliability of this document. The only evidence he offers to challenge the enhancement is unfounded speculation about an alleged "mismatch" between the length of the sentence and the crime. But the sentence Mendez-Munoz received was within the statutory range

for the crime of which he was convicted.  Cal. Penal Code § 288(c)(1); see Simpson, 94 F.3d at 1381 ("[A] certified docket sheet is adequate, absent some contradictory evidence by the defendant, to establish the existence of a prior conviction for sentencing purposes."); United States v. Johnson, 973 F.2d 857, 861 (10th Cir. 1992) (certified copies of "journal entry revoking defendant's probation" based on a previous conviction is sufficient to prove prior conviction absent contrary proof); see also Zuniga-Chavez, 464 F.3d at 1204 (collecting unpublished decisions in which uncertified documents were deemed sufficient to support a sentence enhancement).

### III

Our full examination of the record identifies no issues in this case that might properly be the subject of an appeal.  Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge


- 4 -