**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY ALLEN THOMAS,

Defendant - Appellant.

No. 14-3231
(D.C. No. 5:12-CR-40044-JAR-2)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **McHUGH**, Circuit Judges.[**]

Terry Thomas appeals his seventy-two-month sentence for convictions on

three counts of possession with intent to distribute crack cocaine and two counts

of maintaining drug-involved premises. He argues that in determining he had a

prior conviction for purposes of his criminal history category, the district court

erred by relying on a report from an online database of offenders because it did

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] By the court's Order filed March 26, 2015, granting the Joint Motion to Waive Oral Argument and Submit Case on the Briefs, this case was ordered to be submitted without oral argument.

not show he was convicted and sentenced to a crime for at least one year and one month's imprisonment.

We conclude the district court in these circumstances did not abuse its discretion by relying on information contained in the report because it contained sufficient indicia of reliability. In addition, although the government concedes the court plainly erred in finding that Thomas's sentence was for more than one year and one month, which added criminal history points under USSG § 4A1.1, we agree the error did not affect his substantial rights. The report showed that Thomas served a sentence of at least sixty days in prison, which would have left him in the same criminal history category under the Guidelines.

Accordingly, exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. Background

Thomas was convicted on five counts and was originally sentenced to 130 months in prison. We upheld his convictions on appeal, but we remanded for resentencing because the district court's calculation of his criminal history category was based on a number of insufficiently proven prior convictions. *United States v. Thomas*, 749 F.3d 1302 (10th Cir. 2014).

On remand, the district court recalculated his criminal history category, this time relying on a 2002 conviction for criminal possession of a firearm. The only proof of this conviction was a printout from the Kansas Adult Supervised

Population Electronic Repository (KASPER), an online database maintained by the state Department of Corrections. The report indicated that Thomas was sentenced for criminal possession of a firearm in January 2002, was "discharged" in October 2003, and was the subject of a series of disciplinary reports in prison between May and October 2002. KASPER did not specify the length of Thomas's sentence, and it included a disclaimer that it made no warranties about the accuracy of its information ("Offenders shall not be arrested solely on the basis of information displayed on this site.").

The district court held the report established by a preponderance of the evidence that Thomas had been convicted of a crime in 2002 that resulted in three criminal history points pursuant to USSG § 4A1.1(a), which placed Thomas's criminal history score in Category II, *see* USSG Ch. 5, Pt. A (Sentencing Table). His resulting guidelines range was seventy to eighty-seven months in prison, and the district court sentenced him to seventy-two months.

## II. Analysis

Thomas claims his sentence was procedurally unreasonable because it was based on unreliable information in the KASPER report and that without this information, he would have fallen into Category I and benefitted from a lower guidelines range. He additionally argues that the district court could not use the report because it did not indicate the length of his sentence, making it impossible to calculate his criminal history score. The government concedes the district

court erred in concluding that the report established the length of his sentence for the firearm conviction. We affirm because (1) the information in the report contained sufficient indicia of reliability and (2) on plain error review, the district court's erroneous determination of the length of Thomas's prior conviction did not affect his substantial rights.

### 1. *Reliability of the KASPER Report*

We review the sentence's procedural reasonableness under an abuse of discretion standard. *Thomas*, 749 F.3d at 1315. "Whenever a prior conviction is relevant to sentencing, the government must establish the fact of that conviction by a preponderance of the evidence." *United States v. Cooper*, 375 F.3d 1041, 1052 (10th Cir. 2004). Evidence of a prior conviction must be supported by "sufficient indicia of reliability to support its probable accuracy." *United States v. Zuniga-Chavez*, 464 F.3d 1199, 1203 (10th Cir. 2006) (quoting USSG § 6A1.3(a)). The district court's determination of whether evidence is sufficiently reliable to establish a prior conviction is a factual matter that we review for clear error. *See United States v. Martinez-Jimenez*, 464 F.3d 1205, 1209–10 (10th Cir. 2006).

We reject Thomas's argument that the KASPER report was not sufficiently reliable proof of a prior conviction in this case. We have held that "computer reports and printouts may be sufficiently reliable for a sentencing court to use them to establish prior convictions," "at least in the absence of any evidence

indicating that the reports are unreliable." *Id*. at 1210–11 (affirming the district court's reliance on printouts from an FBI criminal records database). Moreover, in an unpublished opinion, we have upheld the use of evidence from government sources that contain "similar information to that found on a docket sheet." *United States v. Esparza-Varela*, 106 F. App'x 1, 4 (10th Cir. 2004). Here, the KASPER report includes a case number for the prior conviction, a basic description of the crime, an offense date, and a sentencing date, all recorded by the state Department of Corrections. It also includes Thomas's photograph, physical description, birth date, and aliases, which were corroborated by the government's pre-sentence report.

Thomas offers no evidence as to the unreliability of the KASPER report aside from the website's blanket disclaimer that it makes no warranties about accuracy. In addition, he never rebutted the information contained in the report with evidence that he was not convicted of criminal possession of a firearm in 2002 or even claims he was not in prison at the times referred to in the report. Thus, the district court did not clearly err in finding that the KASPER report was sufficiently reliable in this case or in concluding that the government established the prior conviction by a preponderance of the evidence. *See Zuniga-Chavez*, 464 F.3d at 1205 ("Because Defendant did not argue that any persuasive contradictory evidence tended to show that he was not convicted of the crimes used to enhance his sentence, we conclude that the government has met its burden of showing the

prior convictions by a preponderance of the evidence."); *see also Martinez-Jimenez*, 464 F.3d at 1212.

## 2. *Length of the Prior Sentence*

Thomas also contends, for the first time on appeal, that the district court could not consider the KASPER report because its failure to specify the length of his 2002 sentence made it impossible to calculate his resulting criminal history score.[1] *See United States v. Jackson*, 493 F.3d 1179, 1185 n.5 (10th Cir. 2007) (holding that criminal history is "calculated based on 'sentences'" rather than convictions themselves); *United States v. Randall*, 472 F.3d 763, 766 n.1 (10th Cir. 2006) (holding the government has "the burden of showing facts necessary to justify the addition of criminal history points"). Because he did not raise this argument below, we apply a plain-error review. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011). Thomas must establish "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. A plain error in applying the Guidelines creates a rebuttable presumption that the third and

---

[1] Thomas argues that he preserved this argument through his general challenge to the KASPER report's reliability, but we have held "vague, arguable references to a point in the district court proceedings do not preserve the issue on appeal." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993). Thus, we have "consistently turned down the argument that the raising of a related theory was sufficient," and the fact that a new theory "falls under the same general category" as an argument below does not suffice to preserve it. *Id*. at 722.

fourth elements are satisfied. *United States v. Sabillon-Umana*, 772 F.3d 1328, 1333–34 (10th Cir. 2014).

As an initial matter, the government agrees the district court plainly erred by using the KASPER report to find that Thomas's prison sentence for the 2002 conviction was in excess of one year and one month. Because of that, the district court should not have assessed three criminal history points against him. But the government argues that the error did not affect Thomas's substantial rights because the report established that Thomas had been sentenced to at least sixty days in prison, which would have resulted in two criminal history points. *See* USSG § 4A1.1(b). And two points would have kept his criminal history score in Category II, *see* USSG Ch. 5, Pt. A (Sentencing Table), resulting in the same guidelines range: seventy to eighty-seven months.

We agree. Criminal history points are calculated "based on the sentence pronounced, not the length of time actually served." *United States v. Holbert*, 285 F.3d 1257, 1263 (10th Cir. 2002) (citing USSG § 4A1.2 cmt. n.2). Although the pre-sentence report states his sentence was for fourteen months, the KASPER report reveals that Thomas was sentenced in January 2002 and discharged in October 2003, but does not otherwise disclose the length of the sentence. But even so, the report contains more. It shows disciplinary reports from prison between May and October 2002. This demonstrates that the sentence imposed by the state court covered at least that period, which was greater than sixty days.

-7-

While § 4A1.1(a) allows for three points for a "prior sentence of imprisonment exceeding one year and one month," § 4A1.1(b) allows for two points to be assessed for "each prior sentence of imprisonment of at least sixty days not counted in [§ 4A1.1(a)]." Accordingly, the district court would not have assigned him a different criminal history category even if it had been alerted to the error. *See Sabillon-Umana*, 772 F.3d at 1334 ("[T]his court and others have sometimes declined to remand for resentencing in the face of an obvious guidelines error, reasoning that a new sentencing proceeding would not help the defendant or enhance the integrity of judicial proceedings.").

Thomas argues that the length of his sentence cannot be determined from the length of time he spent in prison, claiming that the report "indicates, at most, that Mr. Thomas was in . . . custody on particular dates" and that it "does not prove that Mr. Thomas was serving a sentence imposed for the [firearm] conviction on those dates." He cites *United States v. Kristl*, in which we held that in determining a defendant's prior criminal history, the district court erred by considering the length of an original sentence, as opposed to a reconsidered sentence that had replaced the original sentence.[2] 437 F.3d 1050, 1057–58 (10th

---

[2] Under Colorado law, which does not apply here, an original sentence is not final if it has been replaced by a reconsidered sentence. *Kristl*, 437 F.3d at 1058. We found that when considering a prior Colorado conviction, the district court must look to an original sentence if the reconsidered sentence was merely a reduction for good behavior *after* the original sentence was imposed, but must look to the reconsidered sentence under other circumstances. *Id*. at 1057–58.

Cir. 2006). We noted that the length of time the defendant had served in prison was irrelevant because it may have been served pursuant to the original sentence, rather than the reconsidered sentence. *Id.* at 1057 n.4. But in this case, there is no other sentence alleged on the record for which Thomas would have served time between May and October 2002, nor does he suggest he was imprisoned for other crimes. Instead, the only reasonable inference from the KASPER report and the pre-sentence report was that Thomas was serving a sentence for criminal possession of a firearm and that the term of imprisonment was at least sixty days. Thus, the government has rebutted the presumption that the sentencing error affected Thomas's substantial rights.

It is also worth noting that on remand, the district court tentatively considered an eighty-five-month sentence given that Thomas's "criminal history has been so extensive and criminal history category two is rather low considering the many unscored convictions." R., Vol. 2 at 31. The court settled on a sentence of seventy-two months. That sentence is within the sixty-three- to seventy-eight-month guidelines range Thomas asks for on remand. We have long held, to "correct unobjected-to sentencing errors" our "key concern has been whether correct application of the sentencing laws would likely significantly reduce the length of the sentence." *United States v. Brown*, 316 F.3d 1151, 1161 (10th Cir. 2003). Thus,

> [W]here, on plain error review, applying the proper rule
> would not likely result in significant reduction in the
> length of an erroneous sentence, circuits have chosen not
> to exercise their discretion to correct plain sentencing
> errors when the difference in the length of the sentence
> imposed and correct sentence was not significant enough
> to justify recognizing the error.

*Id.* (ellipsis and internal quotation marks omitted).

Given the district court's familiarity with Thomas's criminal record and its decision to sentence him within the range he asks for on remand, it is especially unlikely the court would resentence him to a different sentence on a second remand.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-10-